HONORABLE S. KATE VAUGHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COLUMBIA RIVERKEEPER,

    Plaintiff,

v.

THE NEIL JONES FOOD COMPANY and
THE NEIL JONES FOOD COMPANY
d/b/a Northwest Packing Company

    Defendants.

Case No. C23-5818-SKV

[PROPOSED] CONSENT DECREE

## I.    STIPULATIONS.

The Neil Jones Food Company d/b/a Northwest Packing Company ("Neil Jones") owns and operates an industrial facility at or near 1701 West 16th Street, Vancouver, Washington 98660, which discharges stormwater associated with industrial activity under National Pollutant Discharge Elimination System ("NPDES") Permit No. WAR001129 ("Permit") (hereinafter the "Facility").

Plaintiff Columbia Riverkeeper ("Riverkeeper") issued a notice of intent to sue letter dated July 5, 2023 ("Notice Letter"), and filed a Complaint on September 11, 2023, under section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, alleging that Neil Jones is in

[PROPOSED] CONSENT DECREE - 1
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

1  violation of certain terms and conditions of its Permit.

2  Riverkeeper's Complaint seeks declaratory and injunctive relief, the imposition of civil
3  penalties, and an award of litigation expenses including attorney and expert fees.

4  Solely for the purposes of this Consent Decree, Neil Jones and Riverkeeper (collectively,
5  the "Parties") stipulate that the Court has jurisdiction over the Parties and the subject matter of
6  this action under section 505(a) of the CWA, 33 U.S.C. § 1365(a).

7  The Parties agree that settlement of this matter is in the best interest of the Parties and the
8  public and that entry of this Consent Decree without additional litigation is the most appropriate
9  means of resolving this action. The Parties agree that this Consent Decree is fair, reasonable,
10 equitable, does not violate the law or public policy, comes within the scope of the pleadings, and
11 furthers the broad objectives upon which Riverkeeper based the Complaint. *See Sierra Club, Inc.*
12 *v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990).

13 The Parties stipulate to the entry of this Consent Decree without trial, adjudication, or
14 admission of any issues of fact or law regarding the claims and allegations set forth in
15 Riverkeeper's Notice Letter and Complaint. Neil Jones does not admit and expressly denies all
16 of Riverkeeper's claims and allegations contained in the Notice Letter and Complaint.

17 The signatories for the Parties certify that they are authorized by the party they represent
18 to enter into these Stipulations and Consent Decree.

COLUMBIA RIVERKEEPER

By: _Lauren Goldberg_ (signature)
Lauren Goldberg, Executive Director

NEIL JONES FOOD COMPANY D/B/A
NORTHWEST PACKING COMPANY

By: _James Matthew Jones_ (signature)
James Matthew Jones, President

//
//
//

[PROPOSED] CONSENT DECREE - 2
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

| | |
|---|---|
| KAMPMEIER & KNUTSEN, PLLC | MILLER NASH LLP |
| By: *(signature)* Emma A. O. Bruden WSBA No. 56280 Attorneys for Riverkeeper | By: *(signature)* Steven F. Hill, WSBA No. 23694 Attorneys for Neil Jones |

## I.    ORDER AND DECREE.

THIS MATTER came before the Court upon the foregoing Stipulations of the Parties and joint motion for entry of Consent Decree. Having considered the Stipulations and the terms and conditions set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the Parties and the subject matter of this action pursuant to section 505(a) of the CWA, 33 U.S.C. § 1365(a).

2. This Consent Decree shall inure to the benefit of, and be binding upon, the Parties and their successors, assigns, officials, agents, representatives, officers, directors, and employees. Changes in the organizational form or status of a party shall have no effect on the binding nature of this Consent Decree or its applicability.

3. This agreement shall take effect on the date it is entered as an Order of the Court ("Effective Date"). The provisions of this Consent Decree shall terminate three (3) years from the Effective Date or upon Neil Jones's compliance with all of the requirements contained in Paragraphs 7.c–7.g, 8, and 9 of this Consent Decree, whichever occurs last.

4. This Consent Decree and any injunctive relief ordered within applies solely to Neil Jones's operation and oversight of the Facility, which is subject to the Permit.

5. This Consent Decree is a full and complete settlement and release of all claims alleged in Riverkeeper's Notice Letter and Complaint, and all other claims known or unknown existing as of the Effective Date, related to stormwater discharges at the Facility made under the Permit that could be asserted under the CWA against Neil Jones, its officers, directors, employees, shareholders, consultants, contractors, or agents. These claims are released and dismissed with prejudice. Neil Jones's payment of attorney's fees and litigation costs set forth in paragraph 9 of the Consent Decree will be in full and complete satisfaction of any claims

[PROPOSED] CONSENT DECREE - 3
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Riverkeeper and Kampmeier & Knutsen, PLLC have or may have, either legal or equitable, known or unknown, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation as of the Effective Date. Enforcement of this Consent Decree is Riverkeeper's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Riverkeeper in this case or of any fact or conclusion of law related to those allegations.

7. Neil Jones agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this Consent Decree:

    a. Neil Jones shall fully comply with the terms and conditions of the Permit or any successor Permit authorizing discharges of stormwater associated with industrial activity from the Facility. Nothing in this sub-paragraph affects Neil Jones's ability to request that Washington Department of Ecology ("Ecology") terminate Permit coverage for the Facility as permitted under the terms and conditions of the Permit or as otherwise authorized by law;

    b. Upon the Effective Date and for a period of three (3) years, Neil Jones shall, no later than forty-five (45) days following each calendar quarter, send via e-mail to Riverkeeper and Riverkeeper's counsel at the e-mail addresses listed in Paragraph 13 copies of the following Permit-related documents that Neil Jones has transmitted to, or received from, Ecology during the previous calendar quarter: discharge monitoring reports ("DMRs"), annual reports, engineering reports, and inspection reports;

    c. Within seven (7) days of the Effective Date, Neil Jones shall provide $5,000 to Riverkeeper to conduct the review and comment process set forth in subparagraph 7.e below with the assistants of consultants and/or attorneys. This payment shall be made by using the same instructions provided in Paragraph 9 of this Consent Decree;

    d. Within thirty (30) days of the Effective Date, Neil Jones, with the assistance of a qualified stormwater professional, shall prepare a draft revised Stormwater Pollution Prevention Plan ("SWPPP") that:

[PROPOSED] CONSENT DECREE - 4
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

           i.      includes all best management practices ("BMPs") necessary to achieve Permit benchmarks for turbidity, zinc, and copper in future discharges, which shall include treatment BMPs; and

           ii.      contains the requisite SWPPP components as identified in the Permit, including a sampling plan that (1) identifies points of discharge to surface water, storm sewers, or discrete groundwater infiltration locations, such as dry wells or retention ponds, and (2) requires sampling at all discharge locations that are not substantially identical as defined by the Permit; and including a site map that identifies the stormwater drainage areas for each stormwater discharge point off site (including discharges to groundwater);

    e.    Within thirty-five (35) days of the Effective Date, Neil Jones shall send Riverkeeper a copy of the draft revised SWPPP via e-mail to Riverkeeper and Riverkeeper's counsel at the e-mail addresses listed in Paragraph 13, and Riverkeeper may submit comments on the draft revised SWPPP to Neil Jones within thirty (30) days of Riverkeeper's receipt of the draft revised SWPPP;

    f.    Within thirty (30) days of Neil Jones' receipt of comments from Riverkeeper under subparagraph (e), Neil Jones shall prepare a final revised SWPPP, and a qualified industrial stormwater professional shall certify that the final revised SWPPP is reasonably expected to meet the Permit benchmarks upon implementation. Either the final revised SWPPP shall incorporate Riverkeeper's comments on the draft revised SWPPP, or Neil Jones shall provide a detailed, written response to Riverkeeper explaining why any comment was not incorporated into the SWPPP. Neil Jones shall provide Riverkeeper with a copy of the final revised SWPPP, and if appropriate, any written responses, upon completion of the final revised SWPPP; and

    g.    Within one hundred and twenty (120) days of the Effective Date, Neil Jones shall fully implement the final revised SWPPP, except for implementation of any site-specific BMPs as set forth in this Paragraph 7.g. If the final revised SWPPP requires the implementation of any treatment or other BMPs that require any site-specific design and/or

[PROPOSED] CONSENT DECREE - 5
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

construction, Neil Jones shall fully implement such site-specific BMPs within two hundred and ten (210) days of the Effective Date.

8. In lieu of a penalty, Neil Jones shall make a payment in the amount of $190,000.00 to Seeding Justice for one or more non-litigation projects that benefit water quality in the Columbia River Basin as described in Exhibit 1 to this Consent Decree. Such payment shall be made within seven (7) days of the Effective Date by check payable and mailed to Seeding Justice, P.O. Box 12489, Portland, Oregon 97212, and shall bear the notation "Columbia Riverkeeper v. Neil Jones Food Company d/b/a Northwest Packing Company Clean Water Act Settlement," with a copy provided to Riverkeeper at the same time. Neil Jones shall not direct the payment required by this Paragraph to any other recipient or address unless the Parties seek and the Court issues an order modifying this Paragraph of the Consent Decree.

9. Within seven (7) days of the Effective Date, Neil Jones shall pay Riverkeeper's attorney fees and costs in the amount of $38,230.00 in full and complete satisfaction of any claims Riverkeeper may have under the CWA for attorney fees and litigation costs and expenses incurred in this matter. Such payment shall be made by electronic funds transfer to the Oregon IOLTA account maintained by Kampmeier & Knutsen, PLLC, Riverkeeper's attorneys in this case. Riverkeeper's above-signed counsel hereby certifies that the actual costs and fees incurred in pursuing this matter equal or exceed $38,230.00. Within (14) days of the Parties' execution of this [Proposed] Consent Decree, Riverkeeper shall, through Riverkeeper's counsel, send Neil Jones the bank account information Neil Jones needs to process the payment required by this Paragraph. Before finalizing the payment, Neil Jones or its counsel shall contact Brian Knutsen, counsel for Riverkeeper, to confirm the bank account number and routing number of the account designated to receive the payment. Neil Jones shall not direct the payment required by this Paragraph to any other bank account or recipient unless the Parties seek and the Court issues an order modifying this Paragraph of the Consent Decree.

10. A force majeure event is any event outside the reasonable control of Neil Jones that causes a delay in performing the tasks required by this Consent Decree that cannot be cured

[PROPOSED] CONSENT DECREE - 6
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

by due diligence. Delay in performance of a task required by this Consent Decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Neil Jones timely notifies Riverkeeper of the event, the steps Neil Jones will take to perform the task, the projected time that will be needed to complete the task, and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Neil Jones will notify Riverkeeper of the occurrence of a force majeure event as soon as reasonably possible but in any case, no later than fifteen (15) days after Neil Jones becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example, and not limitation, force majeure events include:

a. Acts of God, war, insurrection, or civil disturbance;
b. Earthquakes, landslides, fires, and floods;
c. Actions or inactions of third parties over which Neil Jones has no or limited control;
d. Unusually adverse weather conditions;
e. Restraint by court orders or other public authorities;
f. Strikes;
g. Any permit or other approval sought by Neil Jones from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Neil Jones has timely and in good faith sought the permit or approval;
h. Litigation, arbitration, or mediation that causes delay;
i. Epidemics and pandemics; and
j. Unforeseeable supply chain issues or delays.

12. This Court retains jurisdiction over this matter and, while this Consent Decree remains in force, this case may be reopened without filing fee so that the Parties may apply to the

[PROPOSED] CONSENT DECREE - 7
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

Court for any further order or relief that may be necessary regarding compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree until it is terminated. A precondition to any application to the Court under this paragraph is that the Parties must first seek to resolve the dispute themselves as follows: 1) the party identifying or wishing to raise an issue or dispute must provide the other party a written notice detailing the nature of the issue or dispute; and 2) within thirty (30) days of receipt of such notice, the Parties shall meet and confer regarding the issue or dispute. If no resolution is reached at that meeting or within thirty (30) days of the written notice, whichever occurs first, either party may file a motion with this Court to resolve the dispute. In any action to enforce this Consent Decree, the Court shall apply the same standard applied by courts in awarding fees and costs under section 505(d) of the CWA, 33 U.S.C. § 1365(d).

13. All notices and other communications regarding this Consent Decree shall be in writing and shall be fully given by mailing via first-class mail, postage pre-paid; by delivering the same by hand; or by sending the same via e-mail to the following addresses, or to such other addresses as the Parties may designate by written notice, provided that communications that are mailed shall not be deemed to have been given until three business days after mailing:

For Riverkeeper:

Columbia Riverkeeper
c/o Simone Anter
P.O. Box 950
Hood River, Oregon 97031
simone@columbiariverkeeper.org

Kampmeier & Knutsen, PLLC
c/o Emma Bruden
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
emma@kampmeierknutsen.com

For Neil Jones:

Neil Jones Food Company
d/b/a Northwest Packing Company
c/o Don Carr
2502 N Street
Firebaugh, CA 93622
donc@njfco.com

Miller Nash LLP
c/o Steven F. Hill
500 Broadway Street, Suite 400
Vancouver, Washington 98660
steve.hill@millernash.com

[PROPOSED] CONSENT DECREE - 8
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

14. This Consent Decree constitutes the entire agreement between the Parties. There are no other or further agreements, either written or verbal. This agreement may not be modified or amended except by a writing signed by both Parties and entered by the Court.

15. Each party acknowledges that it has sought and obtained the advice of its own independent legal counsel before executing this Consent Decree. The Parties acknowledge that they have had the opportunity to freely negotiate the terms of this Consent Decree.

16. If for any reason the Court should decline to approve this proposed Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The Parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

17. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a CWA suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). Therefore, upon the filing of this proposed Consent Decree by the Parties, Riverkeeper will serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

DATED this 31st day of January, 2024.


*/s/ S. Kate Vaughan*
HONORABLE S. KATE VAUGHAN
UNITED STATES MAGISTRATE JUDGE

[PROPOSED] CONSENT DECREE - 9
Case No. C23-5818-SKV

Kampmeier & Knutsen PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

# Exhibit 1



December 1, 2023

Peter McVeigh, Citizen Suit Coordinator
United States Department of Justice
Environmental & Natural Resources Division
Law & Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

**Re: Columbia Riverkeeper v. The Neil Jones Food Company d/b/a Northwest Packing Company; Case No. 3:23-cv-05818-SKV**

Dear Mr. McVeigh,

This letter is intended to provide assurances that I have received and reviewed the proposed Consent Decree between Columbia Riverkeeper and Neil Jones Food Company d/b/a Northwest Packing Company and that I am authorized by my Board of Directors to make the following binding commitments on behalf of Seeding Justice.

1. Seeding Justice has read the proposed consent judgment/agreement;
2. Seeding Justice will spend any monies it receives under the proposed judgment/agreement for the purposes specified in the judgment/agreement;
3. Seeding Justice will not use any monies received under the proposed consent judgment/agreement for political lobbying activities; and
4. Seeding Justice will submit to the Court, the United States, and the parties a letter describing how the SEP funds were spent.

**Seeding Justice for Communities and the Environment**

Seeding Justice is a 501(c)(3) public charity (Tax ID No. 93-0691187). Its mission is to inspire people to work together for justice and mobilize resources for Oregon communities as they build collective power to change the world. To fulfill this mission, Seeding Justice conducts the following activities:

---

P.O. Box 12489, Portland, OR 97212 | 503-289-1517 | info@seedingjustice.org

seedingjustice.org

Doc ID: c87d9d31aff65e61185e966ca294f394f9bd9774

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. Seeding Justice does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the Neil Jones Food Company settlement funds shall be used to support any political lobbying activities whatsoever.
- Facilitate grantmaking for community-led funds (such as the Columbia River Restoration Fund), and provide resources for community-based projects and immediate aid during and after climate related emergencies (such as wildfires) and the COVID-19 pandemic.
- Leverage relationships and network connections in the philanthropic sector to fund progressive social change movements and community-based groups.

Specifically, Seeding Justice will use money received under the proposed judgment/agreement to provide grants under Seeding Justice's Columbia River Restoration Fund for proposed projects that will benefit water quality of the Columbia River and its tributaries.

Seeding Justice is governed by a Board of Directors. Grant applicants to the Columbia River Restoration Fund are required to submit written proposals, which must include at a minimum specific information about the goals, activities and project outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request.

Applications are first screened by Seeding Justice staff, then evaluated by a grantmaking committee composed of environmental justice activists and organizers. After we receive applications, we may require additional information in order to fully evaluate them.

The Board of Directors has final approval of the grant slate and Seeding Justice requires all projects to submit final reports within one year of receipt of the grant award. Reports describe the work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by a certified public accounting firm are posted on Seeding Justice's website: seedingjustice.org.

I hope this provides the information you require. Please do not hesitate to contact me or our Director of Programs for Community Funds, Violeta Rubiani (violeta@seedingjustice.org) with any questions.

Sincerely,

**Se-ah-dom Edmo,** Executive Director
*Shoshone-Bannock, Nez Perce, Yakama*
seahdom@seedingjustice.org